UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRADLEY S. BRESSER,   CASE NO.: 1:12CV720

    Plaintiff,   Judge Michael R. Barrett

  v.

TOTAL QUALITY LOGISTICS, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for New Trial on Damages, and Alternative Motion to Alter or Amend the Judgment. (Doc. 76). Defendant has filed a response in opposition (Doc. 79), and Plaintiff has filed a reply (Doc. 81). This matter is ripe for review.

Under Federal Rule of Civil Procedure 59(a)(1), a court in its discretion may grant a new trial on all or some of the issues after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

Here, Plaintiff claims that the damage awards for back pay, compensatory damages, and punitive damages were against the weight of the evidence. To determine whether the damages award was against the weight of the evidence, the Court must "compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the

1

clear weight of the evidence." *McDonald v. Petree*, 409 F.3d 724 (6th Cir. 2005) (internal quotation marks omitted). The district court should not, however, grant a new trial merely because "different inferences and conclusions could have been drawn or because other results are more reasonable." *Id.* (internal quotation marks omitted). Indeed, "[t]he remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than *unquestionably* proved by the plaintiff's *uncontradicted and undisputed* evidence." *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). "Thus, if the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion." *Id.*; *see also Voyles v. Louisville Transp. Co.,* 136 F. App'x 836, 839 (6th Cir. 2005) *(*affirming the denial of a new trial where the plaintiff's testimony as to damages was contradicted through cross-examination).

Plaintiff's argument fails because the Court is unable to conclude that he unquestionably proved his damages through uncontradicted and undisputed evidence. While Plaintiff testified as to the back pay to which he believed he was entitled, the jury may consider the weight and sufficiency of evidence offered in that regard and may give his testimony unsupported by documentary evidence the weight and values it determines to be appropriate under all the facts and circumstances. In light of the testimony of Plaintiff, Defendant's cross-examination of Plaintiff, and the absence of plainly supportive documentary evidence as to the requested back pay, it is not unreasonable to conclude that the jury determined that there was insufficient evidence to prove the full extent of the requested back pay damages by a preponderance of the evidence. Further, there was some evidence as to mitigation of damages that the jury was permitted to consider. Thus, without more, the Court declines to disturb the award of the jury as to back pay.

As for non-economic damages, the record reflects that there was conflicting evidence as to Plaintiff's mental anguish and its cause.  Accordingly, the Court declines to disturb the award of the jury as to non-economic damages.

Finally, the award of punitive damages was in the discretion of the jury.  The jury instructions make plain that if the jury found Plaintiff had proved the requisite elements for punitive damages, it was permitted, but not required, to assess punitive damages.  The jury's decision not to award punitive damages thus was not seriously erroneous.

For similar reasons, the Court declines to alter or amend the judgment under Rule 59(e).  Application of Rule 59(e) is appropriate when there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) the need to prevent manifest injustice.  *Leisure Caviar, LLC v. United States Dish & Wildlife Servs.*, 616 F.3d 612, 615 (6th Cir. 2010).  Plaintiff does not argue that the first three are applicable here, and the Court does not find, for the reasons set forth above, that alteration or amendment of the judgment is necessary to prevent manifest injustice under the circumstances of this case.

Accordingly, Plaintiff's Motion (Doc. 76) is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT
